UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA MAHER HOFFMAN,

                Plaintiff,

       -vs-                                             09-CV-1065-JTC

WILLIAMSVILLE CENTRAL SCHOOL DISTRICT,

                Defendant.

---

APPEARANCES:   CHARLES L. MILLER, II, ESQ., and LINDY KORN, ESQ., Buffalo, New York, for Plaintiff.

                      HARRIS BEACH PLLC (SCOTT D. PIPER ESQ., of Counsel), Pittsford, New York, for Defendant.

Plaintiff Linda Maher Hoffman brought this action against her employer, the Williamsville Central School District, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.* Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint in its entirety for failure to comply with the statutory requirements for full and timely exhaustion of administrative remedies.

For the reasons that follow, defendant's motion is granted.

## **BACKGROUND**

As set forth in the complaint, plaintiff has been employed by the Williamsville Central School District since 1984. She currently teaches at Williamsville South High School (Item 1, ¶¶ 9, 11). She alleges that beginning in the 1999-2000 school year and continuing

through early 2008, Williamsville South Principal Elvin Simmons[1] subjected her to "an ongoing pattern of discriminatory practices" (*id.* at ¶ 36), including sexual harassment, hostile work environment, discrimination on the basis of her disability (anxiety disorder), and retaliation. The factual allegations in the complaint are summarized briefly here as follows:

• During the 1999-2000 school year, Mr. Simmons made repeated comments to plaintiff, often in front of her students or while standing extremely close and whispering in her ear, describing her as looking like her pet dog (*id.* at ¶¶ 12, 13).

• During an incident in March 2001, after Mr. Simmons had reduced plaintiff to tears by angrily questioning her about a disagreement she had with a co-worker, plaintiff told Mr. Simmons that his actions exacerbated the symptoms of her anxiety disorder (*id.* at ¶ 14).

• In 2003, plaintiff reported an incident to Mr. Simmons involving offensive remarks directed at her by another co-worker, but Mr. Simmons took no action (*id.* at ¶ 15).

• In December 2004 and January 2005, Mr. Simmons told plaintiff about a prank he was playing on another teacher, whom plaintiff knew to be suffering from anxiety and depression. This led plaintiff to believe that Mr. Simmons might try to do the same thing to her (*id.* at ¶ 16).

• During the years 2004 through 2006, Mr. Simmons made several derogatory comments to plaintiff about other teachers at the school, causing plaintiff to feel "sexually

---

[1] The complaint named Mr. Simmons as an "Aider and Abettor" defendant, but plaintiff voluntarily dismissed the action against Mr. Simmons, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(I). *See* Item 8.

harassed personally and very uncomfortable around Principal Simmons at all times" (*id.* at ¶ 17).

- In June 2005, while plaintiff was serving on the team interviewing candidates for a full-time position at the high school, Mr. Simmons made obscene gestures and comments about certain interviewees, which made plaintiff feel "very uncomfortable and sexually harassed" (*id.* at ¶ 18).

- During the period 2005 through 2007, Mr. Simmons made comments about plaintiff to other faculty members which made her feel "sexually harassed and humiliated" (*id.* at ¶ 19); sat next to her at faculty meetings "to intimidate and sexually harass her" (*id.* at ¶ 20); and on one occasion in the fall of 2006, asked her in front of others if she was going to a "ho down," which made her feel like he was calling her a "whore" (*id.* at ¶ 21).

- In late 2007 through early 2008, during the time the School District was investigating complaints that had been made against Mr. Simmons by other Williamsville South employees, Mr. Simmons forced plaintiff to provide the district with information favorable to Mr. Simmons and to keep him informed about the progress of the investigation, and engaged in other conduct which plaintiff felt "created a hostile work environment" and "played upon her anxiety disability"(*id.* at ¶¶ 22-28).

On November 21, 2008, plaintiff filed a Verified Complaint with the New York State Division of Human Rights ("NYSDHR"), charging the Williamsville Central School District with discrimination based on disability and sex, and containing the following allegations:

> During the end of 2007 and continuing through April 2008, my boss, Principal Elvin Simmons, frequently followed me around the building in order to discuss with me details of the on-going investigation which the Williamsville School District was conducting concerning him. Mr. Simmons would tell me unfavorable information about my colleagues which he insisted

> I write down so that I could report it to the District. Mr. Simmons even called me at home about the investigation although he knew I had been instructed not to discuss it. On or about September 15, 2008, Mr. Simmons contacted school social worker Christine Snyder in order to give me a message. Mr. Simmons' behavior greatly exacerbated my anxiety disorder, of which he had been aware since approximately 2001. I felt like he was pressuring me to defend him which created a hostile work environment for me.
>
> On many occasions, Mr. Simmons came up into my classroom behind me while I was teaching and put his hands on my shoulder in an offensive and inappropriate manner, which made me very uncomfortable. I always stood up if I saw him coming so that I could step away from him and maintain my personal space.

(Item 5-1, Ex. A).

On March 27, 2009, the NYSDHR issued a "Determination and Order after Investigation" finding as follows:

> After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that [defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:
>
> The evidence does not support [plaintiff]'s allegations of discrimination based on disability or sexual harassment. The record shows that [plaintiff]'s issues of sexual harassment are beyond the one year statute of limitations and are untimely. The evidence reveals that, in an attempt to alter results of a sexual harassment investigation against him, Mr. Simmons asked [plaintiff] and another employee to provide[ ] false information. There is no reason to believe that the other employee was disabled and [plaintiff] has provided no evidence to indicate that this action was related to her disability.
>
> The complaint is therefore ordered dismissed, and the file is closed.

(*Id.*, Ex. B).

On September 30, 2009, the Equal Employment Opportunity Commission ("EEOC") issued a "Dismissal and Notice of Rights" adopting the findings of the NYSDHR, and advising plaintiff of her right to file a lawsuit under federal law within 90 days of her receipt

of the notice (*id.*, Ex. C). Plaintiff filed this action on December 16, 2009 (within the 90-day period), seeking monetary relief for lost wages, pain and suffering, medical costs, and other damages, based on the following four causes of action:

1. Discrimination on the basis of gender in violation of Title VII.

2. Hostile work environment in violation of Title VII.

3. Discrimination on the basis of disability in violation of the ADA.

4. Retaliation in violation of Title VII.

In lieu of answering, defendant has moved to dismiss the action in its entirety, primarily on the ground that the vast majority of the facts alleged in the complaint were not included in the NYSDHR complaint and plaintiff has therefore failed to properly exhaust the available administrative remedies as a precondition to bringing suit under Title VII or the ADA. Defendant also contends that, to the extent the court should find any claims to have been properly exhausted, they are either untimely or legally insufficient to state a plausible claim for relief.

## DISCUSSION

### I. Exhaustion and Timeliness

As a precondition to filing a Title VII or ADA claim in federal court, a plaintiff must first pursue available administrative remedies by filing a timely complaint with the EEOC or with the equivalent state or local agency (such as the NYSDHR), and obtain a right-to-sue letter. *See* 42 U.S.C. §§ 2000e-5(f), 12117(a); *see also Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Fitzgerald v. Henderson*, 251 F.3d 345, 358-59 (2d Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). Under this statutory exhaustion requirement, the court

may only consider claims that are either included in the charge filed with the agency or are "reasonably related" to the discrimination alleged in the charge. *Butts v. City of New York Dep't of Housing Preservation & Development*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Service Care*, 163 F.3d 684, 693 (2d Cir. 1998); *Wilson v. Family Dollar Stores*, 2007 WL 952066, at *4 (E.D.N.Y. Mar. 29, 2007).

A discrimination claim is considered to be "reasonably related" to the claim filed with the agency "if the conduct complained of would fall within the scope of the [agency] investigation which can reasonably be expected to grow out of the charge that was made . . . ." *Fitzgerald*, 251 F.3d at 359-60 (2d Cir. 2001) (internal quotation marks omitted). In determining whether the claims in the complaint are reasonably related to the discrimination alleged in the charge, the court's inquiry should focus "on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Freeman v. Oakland Unified School District*, 291 F.3d 632, 637 (9th Cir. 2002), *quoted in Deravin*, 335 F.3d at 201. The central question is whether the administrative complaint gave the agency adequate notice to investigate the discriminatory practices alleged. *See Deravin*, 335 F.3d at 202; *see also Williams v. New York City Housing Authority*, 458 F.3d 67, 70 (2d Cir. 2006).

As explained by the Second Circuit, "[t]his exception to the exhaustion requirement 'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is

suffering.'" *Deravin*, 335 F.3d at 201 (quoting *Butts*, 990 F.2d at 1402); *see also Williams*, 458 F.3d at 70. However, the "loose pleading" allowance does not encompass claims based on an entirely different type of discrimination from what was alleged in the initial EEOC charge. *Ige v. Command Sec. Corp.*, 2002 WL 720944, at *6 (E.D.N.Y. Mar.12, 2002).

In addition, the exhaustion requirement provides that the administrative charge must be filed within 300 days of the alleged discriminatory conduct. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Williams*, 458 F.3d at 70. This provision "is analogous to a statute of limitations. Thus, as a general rule, only events that occurred during the 300-day period prior to the filing of the administrative complaint are actionable under Title VII, unless the period has somehow been equitably tolled or extended." *Patterson v. Xerox Corp.*, ___F. Supp. 2d___, ___, 2010 WL 3063070, at *4 (W.D.N.Y. August 2, 2010) (citing *Nowak v. EGW Home Care, Inc.*, 82 F. Supp. 2d 101, 106-07 (W.D.N.Y. 2000)). As explained by the Supreme Court in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002):

> [A] Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file [her] charge within the appropriate time period . . . set forth in 42 U.S.C. § 2000e-5(e)(1). A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.

*Id.* at 122.

The court now turns to an application of these statutory exhaustion and timeliness requirements to the claims alleged in the complaint.

## II. Gender Discrimination/Hostile Work Environment

As outlined above, plaintiff's first two causes of action for gender discrimination and hostile work environment are based on a litany of allegations of conduct on the part of Mr. Simmons, beginning with his "pet dog" comments during the 1999-2000 school year and culminating with his attempts to pressure plaintiff into defending him in the district's investigation, which plaintiff claims took place between October 2007 and April 2008. The factual allegations in plaintiff's NYSDHR charge are limited to Mr. Simmons' behavior toward her "[d]uring the end of 2007 and continuing through April 2008 . . ." (Item 5-1, Ex. A). Therefore, plaintiff's claims in this action have been adequately exhausted to the extent those claims are based on Mr. Simmons' alleged discriminatory conduct which took place during the period between October 2007 and April 2008 (*see* Item 1, ¶¶ 22-28).

However, to the extent plaintiff's claims for gender discrimination and hostile work environment are based on Mr. Simmons' conduct prior to October 2007 (*see id.* at ¶¶ 12-21), those claims were not included, and cannot be found to be reasonably related to the discriminatory conduct complained of, in the charge presented to the NYSDHR. As summarized above, the complaint in this action includes allegations of Mr. Simmons' repeated "pet dog" comments during the 1999-2000 school year; his angry reaction during an interview with plaintiff about her disagreement with a co-worker in March 2001; his failure to act on a complaint about another co-worker in 2003; his revelation to plaintiff of a prank he played on another co-worker in late 2004-early 2005; his derogatory comments to plaintiff during the years 2004-2006 about other teachers at the school; his obscene gestures and comments made during teacher interviews in June 2005; his comment about attending a "ho down" in the fall of 2006; and, during the period 2005-2007, his comments

about plaintiff to other employees and his sitting next to plaintiff at faculty meetings. Even accepting these factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor, *see Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008), none of these facts can be said to have fallen within the scope of the investigation which could reasonably be expected to grow out of the discriminatory conduct described in the NYSDHR complaint.

Accordingly, the court finds that the factual allegations in plaintiff's NYSDHR complaint did not give the agency adequate notice to investigate the discriminatory practices alleged in this action based on Mr. Simmons' conduct occurring prior to October 2007. To that extent, plaintiff's first cause of action for gender discrimination and second cause of action for hostile work environment are unexhausted, and cannot be considered as a basis for the relief sought in this court.

Furthermore, although the court has determined that plaintiff adequately exhausted her claims based on Mr. Simmons' conduct toward her in late 2007 and early 2008 relating to his attempts to pressure her into defending him in the district's investigation, those claims must be dismissed as untimely. As discussed above, only those events that occurred during the 300-day period prior to the filing of the administrative complaint are actionable in this court, absent circumstances warranting equitable tolling or extension of this period. In this regard, the Second Circuit has repeatedly held that equitable tolling of Title VII's 300-day statutory limit is only appropriate in "rare and exceptional circumstances . . . in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, alterations, and citations omitted).

> Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion. When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.

*Id.* (internal quotation marks and citations omitted).

No such circumstances have been alleged or otherwise asserted in the pleadings and submissions on file in this case. Rather, plaintiff apparently seeks application of some form of the "continuing violation" doctrine to bring instances of Mr. Simmons' conduct alleged to have occurred well outside the 300-day time limit within the scope of her gender discrimination and hostile work environment claims (*see* Item 7, pp. 4-5). The continuing violation doctrine recognizes that, "if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald*, 251 F.3d at 359 (internal quotation marks, alterations, and citations omitted). However, courts in the Second Circuit "have generally been loath to invoke the continuing violation doctrine and will apply it only upon a showing of 'compelling circumstances.'" *Falinski v. Kuntz*, 38 F. Supp. 2d 250, 257 (S.D.N.Y. 1999) (citation omitted); *see Stephens v. Hofstra University School of Law*, 2005 WL 1505601, at *4 (E.D.N.Y. June 24, 2005) (citing cases). Indeed, whatever vitality the doctrine had in terms of extending the time limit for commencing a Title VII action based on discrete acts of discrimination was substantially restricted by the

Supreme Court's 2002 decision in *National Railroad Passenger Corp. v. Morgan*, which held that:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Morgan*, 536 U.S. at 113.

As noted above, *Morgan* also recognized that because a hostile work environment claim "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' . . . , [i]t does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period." *Morgan*, 536 U.S. at 117 (citation omitted). Thus, where a plaintiff pleads a hostile work environment claim, conduct outside the 300-day limitations period may be alleged "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.*, 536 U.S. at 122; *see also Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004); *Nakis v. Potter*, 422 F. Supp. 2d 398, 409-10 (S.D.N.Y. 2006).

In this case, plaintiff filed her NYSDHR complaint on November 21, 2008, and defendant asserts that any alleged conduct occurring prior to January 27, 2008 falls outside the 300-day limitations period. Based on its own reckoning, the court accepts this as a reasonable representation of the appropriate 300-day period. Accordingly, to be

considered timely, plaintiff's gender discrimination and hostile work environment claims must include allegations of discriminatory conduct occurring after January 27, 2008. They do not. The last date on which plaintiff alleges Mr. Simmons engaged in conduct upon which a reasonable inference of discrimination could possibly be based is January 11, 2008. Plaintiff claims that Mr. Simmons contacted her on that date about going to see "Dr. Kirsch," which she believed was an "attempt[ ] to create a hostile work environment" by "pressuring her into defending him" in the School District's investigation. Item 1, ¶ 27.

Based on this review and analysis, the court finds that none of the discriminatory acts complained of in the complaint falls within the 300-day limitations period set forth at 42 U.S.C. § 2000e-5(e)(1), and therefore cannot be considered as a plausible basis for plaintiff's gender discrimination or hostile work environment claims. Accordingly, the claims alleged in plaintiff's first and second causes of action are dismissed for failure to comply with Title VII's exhaustion and timeliness requirements.

### III.     Disability Discrimination

In her third cause of action, plaintiff alleges discrimination on the basis of disability in violation of the ADA. She claims that she "notified [the School District] of her disability, and requested a reasonable accommodation of that disability in early 2005," and that the district "refused to accommodate Plaintiff's disability." Item 1, ¶¶ 47-48. As mentioned above, ADA claims are subject to the same administrative exhaustion and timeliness requirements as Title VII claims. *See* 42 U.S.C. § 12117(a); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999); *Torrico v. International Business Machines Corp.*, 319 F. Supp. 2d 390, 400-01 (S.D.N.Y. 2004).

In her NYSDHR complaint, plaintiff alleged generally that Mr. Simmons' conduct toward her "greatly exacerbated [her] anxiety disorder, of which he had been aware since approximately 2001." Item 5-1, Ex. A. There are no factual allegations regarding either her request for reasonable accommodation in early 2005 or the district's refusal to accommodate that request, and there is nothing contained in the pleadings or submissions before this court to suggest that any facts supporting such a claim might have fallen within the scope of the investigation which could reasonably be expected to grow out of the conduct described in the administrative complaint.

Accordingly, the court finds that the disability discrimination claim set forth in the complaint in this action was not included in the charge presented to the NYSDHR, and cannot be found to be reasonably related to the discriminatory conduct complained of in the administrative charge.

In addition, plaintiff's disability discrimination claim is based on the allegation that she requested a reasonable accommodation in early 2005, more than three years before she filed her NYSDHR complaint. As with her claims of gender discrimination and hostile work environment, there are no facts or circumstances presented in the pleadings and submissions on file that would warrant application of the equitable tolling or continuing violation doctrines so as to bring the conduct constituting disability discrimination within the statutory 300-day limitations period.

For these reasons, plaintiff's third cause of action for disability discrimination is dismissed for failure to comply with the ADA's exhaustion and timeliness requirements.

## IV. Retaliation

Finally, in her fourth cause of action for retaliation, plaintiff generally alleges that she complained to her immediate supervisors and to the Superintendent of the School District "about the disparate treatment she suffered and the hostile work environment to which she was subjected" because of her gender, Item 1, ¶ 51, but the district "did not promote her, deprived her of the opportunity to supervise her team, thus effectively reducing her pay." *Id.*, ¶ 52. In her opposing brief, plaintiff admits that she did not include a retaliation claim in her administrative complaint, but contends that the conduct complained of in this action (*i.e.*, that she complained to Mr. Simmons about his discriminatory behavior, but he continued his harassment "in part due a retaliatory animus, until his departure in approximately February of 2008") would fall within the scope of the investigation which could reasonably be expected to grow out of the factual allegations presented to the NYSDHR (*see* Item 7, p. 7).

This contention is rejected for essentially the same reasons discussed above with respect to the first three causes of action. Focusing on the factual allegations made in the NYSDHR charge itself, the court finds nothing in plaintiff's description of Mr. Simmons' conduct that could be relied upon to support a reasonable inference that the agency was given adequate notice to investigate the retaliation claim set forth in the complaint in this action. Furthermore, there are no facts or circumstances presented in the pleadings and submissions on file to support a reasonable inference that any of the allegedly retaliatory conduct on the part of either Mr. Simmons or the defendant School District occurred within the statutory 300-day limitations period.

Accordingly, plaintiff's fourth cause of action is dismissed for failure to comply with Title VII's exhaustion and timeliness requirements.

## **CONCLUSION**

Based on the foregoing analysis, having accepted all of the factual allegations in the complaint as true and having drawn all reasonable inferences in the plaintiff's favor, *see Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008), the court finds that plaintiff has failed to state a claim for relief under Title VII or the ADA "'that is plausible on its face.'" *Ashcroft v. Iqbal*, ___U.S.___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, defendant's motion pursuant to Fed. R. Civ. P 12(b)(6) is granted in its entirety, and the complaint is dismissed.

The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

                _____\s\ John T. Curtin_____
                   JOHN T. CURTIN
                 United States District Judge

Dated: September 22, 2010
p:\pending\09-1065.sept9.10